**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| **Plaintiff,** | **:** | **Case No. 2:22-CR-87** |
| **v.** | | **JUDGE MORRISON** |
| | **:** | |
| **HELWA H. QASEM,** | | |
| | **:** | |
| **Defendant.** | | |

**DEFENDANT HELWA QASEM'S SUPPLEMENTAL**
**SENTENCING MEMORANDUM**

On November 17, 2022, Helwa Qasem filed her sentencing memorandum under seal and five days later, the government filed its response. Now comes Helwa Qasem to reply to the "Need to avoid unwarranted sentence disparities" section of the government's sentencing memorandum (R. #20, Government's Sentencing Memorandum, PAGE ID #118-19) so the cases cited therein are given much needed context.

Title 18 U.S.C. § 3553(a)(6) charges this Court to impose a sentence that avoids unwarranted sentencing disparities. To that end, the government acknowledges that prosecutions of probation officers are rare.   (R. #20, Government's Sentencing Memorandum, PAGE ID #116). Nonetheless, to address the unwarranted sentence disparities factor, the government cites four cases where either United States Probation or Pretrial Services Officers were convicted of making false statements, mail fraud, or obstructing official proceedings. The government's purpose in highlighting these cases is to show its 18-month sentence recommendation in Qasem's case would avoid unwarranted sentence disparities because "[N]oncustodial sentences for federal probation officers are the exception, not the rule." (R. #20, Government's Sentencing Memorandum, PAGE ID #118-19).

However, to simply look at the sentences imposed in these four cases gleaned from DOJ press releases, without also referencing other relevant case facts, creates an imperfect set of datapoints that should not be relied upon to fashion Qasem's sentence. Consequently, the four cases cited by the government will be addressed, seriatim, and the relevant contours of those cases will be revealed so the sentences imposed are meaningful.

The first case cited was *United States v. Eller*, No. 1:21-cr-70 (S.D. Ga 2021).   In this case, Enoch Eller, a former United States Pretrial Services Officer, was convicted of making a false statement.    Eller's sentencing memorandum was devoid of any discussion of the nature and circumstances of the offense. (R. #25, Eller's Sentencing Memorandum). Although there was ink spilled on Eller's military service, there was no mention of compelling family circumstances that, by agreement, are present in Qasem's case. (R. #25, Eller's Sentencing Memorandum). The government's sentencing memorandum in *Eller*, if one was prepared, was sealed and unavailable to undersigned counsel.

However, the plea agreement reveals a Rule 11(c)(1)(C) sentencing agreement where the parties agreed to a sentencing range of 0-6 months.   (R. #14, Plea Agreement, p. 3, ¶3). The agreed facts found in the plea agreement highlighted that Eller submitted false entries into Probation and Pretrial Services Automated Case Tracking System (PACTS) that he'd drug tested supervisees when he hadn't. (R. #14, Plea Agreement, p. 2). Additionally, Eller submitted written entries into PACTS claiming he'd met with individuals under his supervision when he hadn't. (R. #14, Plea Agreement, p. 2). Finally, Eller authored a bond update for the court representing he'd drug tested a supervisee on four occasions when he hadn't. (R. #14, Plea Agreement, pp. 2-3).

It's impossible to divine from the statement of facts in the plea agreement Eller's motivation for committing this crime, how frequently this occurred, or how many of Eller's supervisees were

affected.    However, the conduct eclipsed 16 months. (R. #14, Plea Agreement, p. 2).

The second case cited was *United States v. Howze*, No. 2:16-cr-130 (W.D. Pa. 2016). In this case, Howze, a former United States Probation Officer, was convicted of obstruction of an official proceeding.    If sentencing memoranda were prepared, they aren't available on the public docket.    However, the government did prepare a motion for upward variance, which is available. (R. #21, Government's Motion for Upward Variance).

In its motion, the government revealed Howze's guideline range was 10-16 months. (R. #21, Government's Motion for Upward Variance, p. 2). The facts showed that prior to becoming a probation officer, Howze worked as a case manager for federal offenders at a community corrections facility. (R. #21, Government's Motion for Upward Variance, pp. 4-5). Through this employment, Howze met an individual she later supervised after becoming a federal probation officer. (R. #21, Government's Motion for Upward Variance, pp. 4-5). While a federal probation officer, Howze accessed a confidential database and learned this person was also the target of an active drug investigation.    (R. #21, Government's Motion for Upward Variance, p. 2).    Howze informed the target's sister of the investigation and based on the facts provided, the target and his accomplices discerned the informant's identity.    (R. #21, Government's Motion for Upward Variance, p.2).    The target and his confederates made it clear the informant "had to go" (R. #21, Government's Motion for Upward Variance, p. 2) but it doesn't appear the informant was harmed.

The government's motion for upward variance was denied and a split sentence imposed. However, the available documents don't reveal if Howze was a probation officer when confronted with her behavior, if drug addiction played a role in her behavior, if her crime was motivated by avarice, or if she had any family circumstances to warrant a below guideline sentence.

The third case cited by the government is *United States v. Bedell*, Case No. 1:02-cr-166 (D. Colo. 2001).   Due to the age of this case, the electronic docket reveals nothing about the facts of the case, Bedell's history and characteristics, or the computed guidelines.   Instead, the docket simply confirms the case number matches the defendant's name.   In *Bedell*, according to the government, the defendant was ordered to complete three years of probation.   It's noteworthy this sentence was imposed pre-*Booker* when the guidelines were mandatory.

The final case cited was *United States v. Whitehead*, 187 F.3d 645 (8th Cir. 1999). Given the age of this case, none of the documents available on the district court's electronic website about the nature and circumstances of the offense, Whitehead's history and characteristics, or her guideline sentencing range can be accessed.   However, the appellate decision provides enough facts to give this case its proper place in the avoiding unwarranted disparities analysis.

Whitehead was a probation officer convicted of honest services mail fraud after accepting gifts from a supervisee (Pluff) and falsifying Pluff's urine test results. *Id*. at *1. During her PSR interview, Whitehead told the author of her PSR the value of the items she accepted from Pluff was $500.00, she falsified Pluff's urine test results four times, and the motivation for her conduct was Pluff's brother threatened her. *Id*.

A different story came out at Whitehead's sentencing hearing. Pluff testified the value of the items she gave Whitehead was about $2,000.00, Whitehead falsified Pluff's test results 20-30 times, and her brother never threatened Whitehead. *Id*.   The district court credited Pluff's testimony, found Whitehead had not accepted responsibility, and sentenced her to serve a year in prison.

The danger of simply imposing sentence consistent with press releases is that it's an imperfect science. It goes without saying that no two cases are the same and there are facts that

4

mitigate and aggravate that aren't fleshed out if the sentence imposed and the counts of conviction are only considered. Helwa Qasem submits there should be minimal reliance on the four cases cited by the government to impose sentence in her case.

Respectfully submitted,

/s/ Steven S. Nolder_____
  Steven S. Nolder (0037795)
  65 East State Street, Suite 200
  Columbus, Ohio 43215
  (614) 221-9790
  snolder9@gmail.com
  Attorney for Helwa Qasem

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this Defendant Helwa Qasem's Supplemental Sentencing Memorandum was electronically served upon AUSAs Peter Glenn-Applegate, and Elizabeth Geraghty this 27th day of November, 2022.

    /s/   Steven S. Nolder_____
  Steven S. Nolder (0037795)
  Attorney for Helwa Qasem